# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:03-CR-62 |
| | ) | |
| | ) | |
| DELMAN DAVIS | ) | |

## **MEMORANDUM OPINION** [1]

Delman Davis ("Davis") is before the Court for sentencing after his conviction by a jury of the lesser included offense in Count 1 of the indictment, that is, conspiracy to distribute and possession with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. [2] Davis was one of several co-defendants charged in a multi-kilogram cocaine conspiracy. By virtue of his conviction, Davis faces a statutory term of imprisonment of a minimum mandatory ten years up to life imprisonment.

The Court ordered a presentence report ("PSR") to be prepared by the United States Probation Office. The PSR established a base offense level of 28 for at least 2, but less than 3.5, kilograms of cocaine. Because defendant had two prior drug felonies and was over 18 years of age at the time of the instant offense, the defendant is a career

---

[1] The substance of this memorandum opinion was presented orally from the bench at defendant's hearing on March 19, 2007.

[2] Davis was acquitted of the charge of conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine.

offender within the meaning of USSG § 4B1.1. The offense level under § 4B1.1, therefore, is 37, rather than the lower level based on the base offense level.

Defendant received three criminal history points for a 1995 state conviction for the sale of schedule II drugs and three points for a 1998 state conviction for the sale of schedule II drugs, resulting in a subtotal criminal history score of six. Two points were added pursuant to USSG § 4A1.1(d) because the defendant was on parole for the 1998 conviction when the instant offense occurred and one point was added pursuant to USSG § 4A1.1(e) because the instant offense was committed within two years from his release from prison on July 24, 2000. Nine total criminal history points establish a criminal history category of IV; however, the defendant's criminal history category is enhanced to VI because he is a career offender.

With an offense level 37 and a criminal history category of VI, the defendant's advisory guideline range is 360 months to life imprisonment. Thus, as a result of his career offender status, the defendant's offense level was enhanced by nine levels (from 28 to 37), his criminal history category was enhanced by two categories (from IV to VI) and his advisory guideline range increased from 110 to 137 months to 360 months to life imprisonment. No objection has been made by either the defendant or the government to the calculation of the advisory guideline range. Each party has filed a sentencing memorandum. The United States urges a sentence of 360 months and the defendant seeks a sentence within the range of 110 to 137 months.

A sentencing hearing was held in this case on March 5, 2007. Due to this Court's concern about the appropriateness of either the sentence urged by the government or that urged by the defendant, the Court took the sentencing under advisement for further consideration of the issues raised in the case and gave the parties the opportunity to comment further on several issues raised by the Court as possibly supporting a downward departure or variance from the advisory guideline range. The United States has filed a supplemental sentencing memorandum opposing any variance from the guideline range. After a thorough consideration of the issues and the parties' sentencing memoranda and arguments, the Court is now ready to determine an appropriate sentence.

## **LEGAL ANALYSIS**

1. **Post-*Booker* Sentencing Procedures**

After some initial confusion as the result of *Booker* decision, the procedures to be utilized by a district court in sentencing a convicted criminal defendant have now become reasonably clear. In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed. 2d 621 (2005), the Supreme Court declared invalid the statute making the sentencing guidelines mandatory. 543 U.S. at 245. However, it left the guidelines scheme intact for use by the district courts as a guide for sentencing. *Id.* at 266-267. Post *Booker*, a district court must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [section 3553(a)(2)]." 18 U.S.C. § 3553(a). The 3553(a)(2) factors which are to be considered when sentencing are the seriousness of the

offense, deterrence of future crimes, protection of the public from future crimes of the defendant, and providing the defendant with needed training or correctional treatment. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines range, policy statements from the Sentencing Commission, the need to avoid sentencing disparities, and the need to provide restitution to the victims. 18 U.S.C. § 3552(a)(1), (3)-(7).

Because the sentencing guidelines are now advisory rather than mandatory, a district court is permitted to vary from those guidelines in order to impose a sentence which fits the mandate of § 3553(a). *United States v. McBride*, 434 F. 3d 470, 476 (6th Cir. 2006). As an initial matter, however, the district court must first correctly calculate the appropriate advisory guideline range applicable to the case. Consideration of a guidelines departure is part of calculating the correct guidelines range. *Id.* The sentence imposed by the district court must be both procedurally and substantively reasonable. A sentence may be procedurally unreasonable if "the district judge fails to 'consider' the applicable guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Webb*, 403 F. 3d 373, 383 (6th Cir. 2006). A sentence may be considered substantively unreasonable when the district court "[s]elects the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to

4

consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *Id*. at 385. Prior to *Booker*, sentences outside of the guideline range were permissible only in very limited circumstances. Post *Booker*, the district court has a greater latitude in sentencing but must consider the guideline range along with its analysis of the § 3553(a) factors. *See United States v. Martin*, 438 F. 3d 621, 641 (6th Cir. 2006) (*Martin*, J. concurring).

2. **Traditional Guidelines Departures**

The defendant has not suggested that grounds exist for a departure under the guidelines from the imprisonment range of 360 months to life. However, the Court has reviewed the possible grounds for departures under the guidelines and suggested orally on March 5, 2007, that the defendant's career offender status resulted in an over representation of the defendant's criminal history.[3] Since that time, the Court has carefully considered whether such a departure is warranted in this case. Unfortunately for the defendant, it is not.

USSG § 4A1.3(b)(1) provides that "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." This defendant's case is unusual and unique

---

[3] As set forth above, consideration of any available departure under the guidelines is part of calculating the correct guidelines range.

5

when compared to other defendants this Court ordinarily sees with career offender status under the guidelines in that his *only* prior criminal history is the two prior felony drug convictions which now establish him as a career offender. He has no other criminal history and on the surface, at least, it could be argued that the resulting criminal history category overstates the seriousness of his criminal history or the likelihood that he will commit other crimes. Prior to *Booker*, the circuit courts of appeal were virtually unanimous in interpreting the language of § 4B1.1 as allowing for a downward departure if the defendant's career offender status resulted in a significant over-representation of the seriousness of the defendant's criminal history based on the principles set forth in § 4A1.1. *See, e.g., United States v. Smith*, 278 F. 3d 605, 610-11 (6th Cir. 2002) (holding that small quantities of controlled substances in prior offenses may, in certain circumstances, overstate the seriousness of a defendant's prior criminal history and thus warrant a downward departure from the career offender guideline); *United States v. Fletcher*, 15 F. 3d 553 (6th Cir. 1994) (affirming a § 4A1.3 downward departure from the career offender guideline); *United States v. Perez*, 160 F. 3d 87, 89 (1st Cir. 1998) (*en banc*); *United States v. Rivers*, 50 F. 3d 1126 (2nd Cir. 1995); *United States v. Shoupe*, 35 F. 3d 835 (3rd Cir. 1994); *United States v. Adkins*, 937 F. 2d 947, 951-52 (4th Cir. 1991); *United States v. Senior*, 935 F. 2d 149 (8th Cir. 1991); *United States v. Reyes*, 8 F. 3d 1379 (9th Cir. 1993); *United States v. Collins*, 122 F. 3d 1297, 1305-09 (10th Cir. 1997); *United States v. Webb*, 139 F. 3d 1390, 1395-96 (11th Cir. 1998); *United States v. Spencer*, 25 F.

3d 1105, 1112 (D.C. Cir. 1994). Acknowledging these holdings, the United States Sentencing Commission amended § 4A1.3 in 2003 by specifically limiting departures for career offenders to one criminal history category. USSG § 4A1.3(b)(3).

Although it is clear that downward departures from the career offender guideline when it overstates a defendant's criminal history are permitted, neither the case law nor the guidelines provide adequate guidance as to what facts and circumstances should be considered in determining whether such a result has occurred. Likewise, this Court has found very little in the Sixth Circuit cases dealing with the issue which provides significant guidance to the court in considering a departure under § 4A1.3. A review of the Sixth Circuit cases, however, does reveal some factors which may be important to the Court's consideration. For instance, the type of prior convictions, the seriousness of the prior convictions, the amounts of drugs involved in the prior convictions, the age of the convictions, the length of the defendant's criminal record, the defendant's age at the time he committed the offenses and whether or not the defendant has engaged in repeat drug offenses all would appear to be relevant to the Court's determination. *See. e.g., United States v. Tucker*, 142 F. 3d 438 (6th Cir. 1998); *United States v. Fletcher*, 15 F. 3d 553 (6th Cir. 1994); *United States v. Feinman*, 930 F. 2d 495 (6th Cir. 1991). What is clear from a review of the case law is that a district court may not depart downward solely because it believes the career offender sentence is excessive. *United States v. LaSalle*, 948 F. 2d 215 (6th Cir. 1991).

Even though Davis' prior criminal history consists only of the two offenses which qualify him for career offender status, this Court cannot conclude, based upon the circumstances of this case, that the criminal history category resulting from career offender status overstates Davis' criminal history or his likelihood of recidivism. It is quite clear that it was Congress' intent to punish more severely those defendants who committed a third drug felony or violent felony and Davis has now committed his third. In addition, because Davis has committed three felony drug offenses within a ten year period, it cannot be said that there is little likelihood of his reoffending. In fact, the record suggests just the opposite.

Davis was arrested for his first felony drug offense in July, 1995 and sentenced to a term of eight years imprisonment. He was thereafter placed in a boot camp and released to intensive supervised probation after approximately ten months. His second drug felony arrest came less than two years after his release to intensive supervision and at a time while he was still under the supervision of the court for the first offense. This second offense resulted in a ten year sentence consecutive to his 1995 sentence for an effective sentence of 18 years. Davis then served approximately two years and five months in prison before being paroled by the State of Tennessee on July 24, 2000. The current offense commenced in May, 2002, less than two years from his release

8

from prison and while he was still on parole status from the State of Tennessee.[4] Davis' behavior, therefore, strongly suggests a likelihood of recidivism and a strong need to protect the public from Davis' drug dealing. Simply put, Davis' prior drug offenses are not minor, he has not exhibited efforts at rehabilitation as a result of his prior sentences (this is not a case where a state judge simply slapped Davis on the wrist and placed him on probation after each of the prior felonies), and he is a repeat drug offender (the government offered proof in the present case of far greater quantities than Davis was actually convicted for). Davis does not, therefore, qualify for a downward departure under § 4A1.3(b)(1) of the guidelines.

      3.    **The Career Offender Guideline**

Pursuant to USSG § 4B1.1(a), "[a] defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Section 4B1.1 implements the directive of Congress in 28 U.S.C. § 994(h) which mandates that the commission assure that certain "career" offenders receive a sentence of imprisonment "at or near the maximum term authorized." In *United States v. LaBonte,*

---

[4] Based upon the presentence report, it appears that there is an outstanding parole violation warrant which was executed on August 26, 2003.

520 U.S. 751, 117 S. Ct. 1673, 137 L. Ed. 2d 1001 (1997), the Supreme Court held that § 994(h) unambiguously "requires a court to sentence a career offender 'at or near' the 'maximum' prison term available once all relevant statutory sentencing enhancements are taken into account". *LaBonte*, 520 U.S. at 757. Davis does not dispute that the instant conviction is a violation of the Controlled Substance Act or that he has previously been convicted of two prior felonies involving controlled substance offenses.

The Sixth Circuit has considered the career offender guideline in two recent cases decided by that court. In *United States v. Sanders*, 2006 WL 3499980 (6th Cir. Dec. 5, 2006) (not recommended for full-text publication) the defendant, a career offender, challenged his 322 month prison sentence as unreasonable and argued that the district court placed too much weight on 28 U.S.C. § 994 in its analysis under 18 U.S.C. § 3553(a). In rejecting Sanders' argument, the Sixth Circuit held that "§ 994(h) dictated a life sentence" (because the statutory maximum term of imprisonment was life while the guideline sentencing range was 262 to 327 months).[5] The Sixth Circuit affirmed, finding that "Sanders has little about which to complain regarding the reasonableness of his sentence; indeed, it is worth repeating that his sentence was 322 months, which was at the low end of the guideline range, even though § 994(h) dictated a life sentence." *Sanders*,

---

[5] The guidelines sentencing range was 262 to 327 months on the drug conspiracy conviction and 60 months consecutive on a firearm conviction under 18 U.S.C. § 924(c). The district court imposed a 262 month sentence on the drug conspiracy and 60 months consecutive on the firearm conviction for a total prison sentence of 322 months.

2006 WL 3499980 at * 9. In the more recent published decision, *United States v. Funk*, 477 F. 3d 421 (6th Cir. 2007), the Sixth Circuit considered an appeal by the government of a 150 month prison sentence for a defendant convicted of conspiracy to possess with intent to distribute a controlled substance. Once again, the statutory maximum term of imprisonment was life and the defendant, a career offender, faced a guidelines range of 262 to 327 months. The district court, believing a sentence within the properly calculated guideline range to be excessive, pronounced a sentence of 150 months in prison, which the district court characterized as the high end of the applicable guideline range absent the career offender status. The Sixth Circuit reversed. The Sixth Circuit determined that the district judge ignored Congress's policy of targeting recidivist drug offenders for more serious punishment, holding that "a district court making sentencing determinations may not implicitly reject Congress's policy decision to prescribe harsher penalties for career offenders by ignoring or outright rejecting a defendant's status as a career criminal offender." *Id.* at 430.

While acknowledging that the § 3553(a) factors could justify a reduction from the bottom of the applicable guidelines range, the court found that the district court failed to identify characteristics peculiar to the defendant (*Funk*) to justify the variance from the guideline range. The Sixth Circuit has made it quite clear, therefore, that district courts must give effect to the congressional policy decision to prescribe harsher penalties

11

for career offenders absent grounds under the guidelines for a departure or a factor under § 3553(a) which provides a legitimate basis for varying from the otherwise applicable range in an unusual circumstance. This Court must, then, consider the § 3553 factors to determine whether or not such factors warrant a variance from the bottom of the guideline range in this particular case.

4. **Bases for a Variance**

As an initial matter, the defendant has requested a sentence within the guidelines range as it would have been calculated absent the career offender enhancement. The defendant has offered no legitimate basis for this Court to vary from the guidelines range to this extent. And, the further the sentencing court varies from the guidelines range one way or another, the more compelling the justification for that variance must be. *See United States v. Davis*, 458 F. 3d 491, 496 (6th Cir. 2006). To sentence the defendant as requested by him, this Court would be required to simply ignore the congressional policy of targeting recidivist drug offenders for more severe punishment, something it is not permitted to do.

When reviewing the § 3553(a) factors, this Court ordinarily gives the applicable advisory guideline range substantial weight for a very simple reason. The congressional mandate to the Sentencing Commission was that the Commission consider all of the § 3553(a) factors in arriving at the advisory guideline ranges. Nothing in this

record or in the Court's experience suggests that the Sentencing Commission has not done so. It thus becomes apparent that the guideline range typically incorporates consideration of all of the other § 3553(a) factors in its calculation. In fact, this Court's review of the § 3553(a) factors as they relate to this case suggests that is largely the case here as well.[6] There is nothing about the nature and circumstances of this offense, which is a very serious offense, or the history and characteristics of the defendant, including his honorable military service, which sets this case apart from all others or makes this case in some way unusual, with one exception.

This defendant has exhibited a degree of acceptance of responsibility for his actions and has cooperated with the government to a degree rarely, if ever, seen by this Court after a conviction by a jury. The testimony of DEA Agent Michael Templeton clearly establishes that the defendant, subsequent to his conviction, fully debriefed with Agent Templeton and forthrightly and truthfully provided information to the government concerning this conspiracy. The information provided led to the identification by Agent Templeton of two additional unindicted co-conspirators in this matter. Agent Templeton was able to corroborate the information provided by Davis and presented two additional cases to the United States Attorney's Office for consideration for prosecution. Even

---

[6] Substantial variances based upon factors already taken into account in a defendant's guidelines sentencing range seriously undermines sentencing uniformity. United States v. Myers, 439 F. 3d 415, 418 (8th Cir. 2006).

13

though Agent Templeton recommended prosecution, the United States Attorney's Office declined to prosecute those individuals. Exercising its discretion not to do so, the United States Attorney's Office likewise declined to seek a departure from the advisory guidelines applicable to Davis on the basis of substantial assistance pursuant to USSG § 5K1.1.

Before *Booker*, the only way for a defendant to receive a departure from the mandatory guideline range for substantial assistance to the government was the filing, by the government, of a motion pursuant § 5K1.1. However, post *Booker*, it is clear to this Court that consideration of his cooperation and assistance to the government post trial is clearly a factor which must be considered in determining an appropriate sentence in this case.

Title 18 U.S.C. § 3361 makes it clear that there is no limitation on the information a sentencing court may consider about the background and conduct of the defendant for the purpose of imposing an appropriate sentence. The "extent of the defendant's post-arrest cooperation is part of the totality of the circumstances" this Court must consider in determining the defendant's sentence. *See United States v. Newsome*, 894 F. 2d 852 (6th Cir. 1990). As stated by the Tenth Circuit recently, "[a] defendant's assistance to the government is also relevant to the factors delineated in § 3553(a)(2), particularly the need for the sentence to promote respect for the law and to provide just

punishment, to afford adequate deterrence, and to protect the public." *United States v. Doe*, 398 F. 3d 1254, 1260 (10th Cir. 2005). Because the sentencing judge must consider all the relevant factors in imposing sentence, "a defendant's assistance should be fully considered by a district court at sentencing even if that assistance is not presented to the court in the form of a § 5K1.1 motion." *Id*. at 1261.

This Court FINDS that Davis has provided to the government complete and substantial assistance in the investigation of this drug conspiracy since his trial, has provided full, reliable and truthful information to the investigating agent and has provided to the agent information which allowed the identification of two additional co-conspirators whom the United States has declined to prosecute. While this Court does not question the proper exercise of discretion by the United States Attorney's Office in deciding not to file a § 5K1.1 motion, the Court does observe that the United States Attorney's Office has, on numerous other occasions over the last several years, asked this Court to depart pursuant to § 5K1.1 on the basis of significantly less assistance on the part of a defendant. Not only does Davis' cooperation evidence his interest in doing "the right thing", it also evidences his acceptance of responsibility for his criminal activities. Clearly the agent felt that Davis' assistance would be helpful in the prosecution of two other individuals and he apparently recommended prosecution to the United States Attorney's Office on the basis of the information provided. That the United States Attorney's Office declined to

prosecute those cases does not negate the degree and extent of Davis' cooperation.

This Court therefore FINDS that this is the unusual case where defendant's cooperation and assistance to the government post-trial represents a legitimate basis for varying from the otherwise applicable guideline range in this case and is a factor not taken into account by the guideline calculation itself. While it is not unusual for the United States to ask this Court for a departure ranging from 30 to 50 percent pursuant to their § 5K1.1 motion, such a substantial reduction is not called for in this case, giving due recognition to the government's exercise of its discretion not to file a § 5K1.1 motion and that the defendant's cooperation and assistance came only after a jury had first found him guilty. [7] The Court does, however, find that a three level reduction in the advisory guideline range, equivalent to the reduction which the defendant would have received if he had fully accepted responsibility for his actions prior to trial, is appropriate in this case. Therefore, this Court will vary downward from the otherwise applicable advisory guideline range in this case and will sentence Mr. Davis within a range of 262 to 327 months.

A sentence within this range reflects the seriousness of the offense, the need

---

[7] As a general rule, information provided by a defendant only after a trial is simply historical or is stale and, thus, of little value to the government. Such was obviously not the case with the information provided by Davis. Nevertheless, Davis' cooperation, if provided earlier, would have allowed the government to avoid the time and expense of a trial and, undoubtedly, the information would have been of more value to the government.

to protect the public and promote respect for the law, and reflects the defendant's post-trial cooperation and assistance to the government. Most importantly, the sentence reflects and gives effect to the congressional mandate that repeat drug offenders receive more severe punishment by imposing a sentence that is roughly double what the top of his advisory range would have been if not for the career offender status.

    ENTER:

                                                    s/J. RONNIE GREER
                                           UNITED STATES DISTRICT JUDGE